UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS TORRES RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER'S INVOLVED ON SITE POLICE DEPARTMENT,<br><br>    Defendant. | Case No. 23-cv-03845-AMO<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Re: Dkt. Nos. 22, 24 |

This is a case by Plaintiff Elias Torres Ramirez against the Santa Clara police department for allegedly violating his First Amendment rights by not delivering a message to his wife (purportedly Taylor Swift). After the Court screened and dismissed the complaint with leave to amend, ECF 19, Ramirez filed a document in a closed case that the Clerk's Office docketed in this case, and which added nothing to change the Court's earlier analysis, ECF 21. Ramirez claims that he is married to Taylor Swift, requests a "mandate and command" and "right to commandeer" their "holy matrimony," and alleges that the alleged offense (not delivering a message to his wife) is punishable by the death penalty, ECF 21 at 1, 4, ECF 1 at 4, and the police department did not "recognize . . . The Almighty," ECF 1 at 6. Magistrate Judge Laurel Beeler found that there is no legal wrong based on not delivering a message, which is all that Ramirez alleged. ECF 22.

The Court has reviewed Magistrate Judge Beeler's Report and Recommendation to dismiss the complaint. ECF 22. The Court finds the Report correct, well-reasoned and thorough, and adopts it in every respect. Ramirez did not file any objections to the Report and Recommendation. Accordingly, the Court adopts the Report and Recommendation and **DISMISSES** the Complaint. When amendment would be futile, dismissal may be ordered with prejudice. *See Romero v.*

*Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1135 (N.D. Cal. 2010) (citing *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996)); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (the Court should consider several factors in determining whether to grant leave to amend including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility).  Because any amendment would be futile and the Court finds that the complaint is not made in good faith, the Court dismisses the complaint **with prejudice**.  The Clerk's Office is requested to close the case.  No further filings will be accepted.  The Court further **TERMINATES** the motion for leave to proceed in forma pauperis, ECF 24, as the Court already granted IFP status, ECF 18.

**IT IS SO ORDERED.**

Dated: June 4, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**